IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | * | |
| Respondent, | * | |
| v. | * | Crim. No. **PJM-09-0265** |
| | * | Civ. No. **PJM-14-1599** |
| **WILSON LEE GARRETT, JR.**, | * | |
| Petitioner | * | |

# MEMORANDUM OPINION

*Pro se* Petitioner Wilson Lee Garrett, Jr. has filed a Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255, ECF No. 136, a Supplement to that Motion, ECF No. 137, and a Motion for Leave to Supplement the Motion, ECF No. 145. The Court has considered the Motions, and the Government's response to same. For the reasons set forth below, the Court **DENIES** the Motion to Vacate.[1]

## I.

On March 21, 2011, a federal grand jury returned a four-count Superseding Indictment against Garrett, charging him with conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841 (Count One); two counts of possession with attempt to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841 (Counts Two and Three); and possession of firearms and ammunition in furtherance of a drug trafficking crime, in

---

[1] The Motion for Extension of Time to File, ECF No. 135, is **MOOT** because the original Motion to Vacate (ECF No. 136) was filed within the allowable time.

violation of 18 U.S.C. § 924(c) (Count Four). *See* ECF No. 62. Garrett pled not guilty to all counts. *See* ECF No. 65.

A jury trial commenced on May 18, 2011, at which witnesses testified that Garrett, an employee of the Department of Justice, had bought and sold cocaine. *See* ECF Nos. 81-96. David Zellars, for instance, testified that he received regular shipments of cocaine from Mexican drug cartels totaling 10-15 kilogram and that, in 2006, he and Garrett reached an agreement whereby Garrett would purchase a kilogram of cocaine from Zellars for $24,000. ECF No. 119 at 52-55. Thereafter, Zellars and Garrett met again on around 15 to 20 occasions, at which times, Zellars sold Garrett one or two kilograms of cocaine at a time, totaling between 20 and 25 kilograms of cocaine. *Id.* at 67. Later, Zellars agreed to cooperate with the Drug Enforcement Administration, and placed various monitored calls to Garrett. *Id.* at 111, 122. Federal authorities conducted a search of Garrett's house, finding many cell phones, two firearms, a money counter, and a baggie with 3.4 grams of cocaine. ECF No. 130, pp. 5-48

Another witness, Laray Maddox, also tied Garrett to the drug trade. He identified Garrett as a supplier for him and for an associate by the name of Tyron Butler. ECF No. 130 at 160-63. Maddox stated that while he had not spoken with Garrett, he had in fact seen him at various drug transactions. *Id.*

Garrett was represented at trial by James Papirmeister, Esquire.[2] His defense included the calling of a number of witnesses who testified that Garrett was involved with the music promotion business, the suggestion being that this put into context otherwise incriminating evidence. *See, e.g.,* ECF No. 131 at 70-71, 141. Garrett himself took the stand and offered similar testimony, asserting that his conversations with Zellars actually referred to music promotion, not to Garrett's attempt to purchase cocaine. *Id.* at 174-76, 202-204. Garrett

---

[2] Prior to that, Garrett was represented by Robert Bonsib, Esquire.

produced a written contract that supposedly supported his testimony that he had an agreement with a nightclub. *Id.* at 175. The Government introduced evidence that Garrett had previously forged documents and, during cross-examination, asked Garrett whether the purportedly exculpatory contract—which misspelled Zellars' name—was forged. *Id.* at 191-206. Garrett denied this. *Id.*

On May 26, 2011, the jury found Garrett guilty on all four counts of the Superseding Indictment. Jury Verdict, ECF No. 96. In September 2011, Judge Williams of this Court sentenced him to 248 months (188 months on Counts One, Two, and Three to run concurrently and 60 months on Count Four to run consecutively).[3] Judgment and Commitment Order at 2, ECF No. 114.

At sentencing, Garrett challenged the amount of cocaine attributed to him (between 5 and 15 kilograms), as well as the imposition of a two-level enhancement to his offense level under the Sentencing Guidelines for obstruction of justice based on the testimony Garrett gave at trial. The court found by a preponderance of the evidence that the amount of drugs involved was 20-25 kilograms. Sentencing Hearing Transcript, ECF No. 120 at 39. In applying the obstruction of justice enhancement, the court concluded that Garrett "took the stand and he didn't just testify . . . he doctored evidence and misrepresented and lied." *Id.* at 40.

On September 6, 2011, Garrett appealed his conviction and sentence to the U.S. Court for the Fourth Circuit. Notice of Appeal at 1, ECF No. 116. He was represented in his appeal by Brian K. McDaniel, Esquire. *Id*. Garrett raised the following issues: (1) the evidence with respect to Garrett's conspiracy to distribute cocaine conviction was insufficient, as the Government

---

[3] On July 11, 2016, Garrett filed a Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the U.S.S.G. ECF No. 168. He sought to reduce his 188 month sentence to 151 months as to Counts 1s, 2s, and 3s. *Id.* On July 19, 2016, the United States consented to the Motion, ECF No. 169, and on July 27, 2016, the Court granted the Motion to Reduce Sentence. ECF No. 170.

purportedly established only a buyer-seller relationship between Garrett and the Government's witness; (2) the trial court erred in allowing the Government to adduce irrelevant and highly prejudicial evidence regarding a Government witness' criminal history; (3) the trial court erred in allowing the Government to improperly impeach Garrett with a prior arrest that did not result in a conviction; and (4) the evidence with respect to Garrett's possession of cocaine with intent to distribute was insufficient, as the amount was so small as to be only consistent with personal use. *See* Opening Brief of Appellant, No.11-4895, (4th Cir. 2012). Ultimately, the Fourth Circuit affirmed Garrett's convictions on all counts, *United States v. Garrett*, 493 F. App'x 409 (4th Cir. 2012) (unpub.), and the Supreme Court denied certiorari on May 13, 2013.

On May 9, 2014 (four days prior to the May 13, 2014 deadline for a § 2255 Petition), Garrett filed in this Court, a Motion for Extension of Time to file § 2255 Petition. ECF No. 135. He then filed a timely *pro se* Motion to Vacate under 28 U.S.C. § 2255, which was stamped by the post-office on May 12, 2014. ECF No. 136. On June 2, 2014, once again acting *pro se*, Garrett filed—and the Court granted—a Motion for Leave to File Supplement to the Motion to Vacate ("Supplement"). ECF Nos. 137-38. On August 1, 2014, Garrett filed a second Motion for Leave to Supplement. ECF No. 145. The Government filed a Response in Opposition to the Motion to Vacate on January 2, 2015, ECF No. 157, and Garrett filed a Reply on February 4, 2015. ECF No. 158.

In August 2015, briefing in the case was stayed pending the Fourth Circuit's decision in *U.S. v. Foote*, No. 13-7841. The case was again stayed pending the Supreme Court's decision in *U.S. v. Johnson*, No. 13-7120. However, in mid-2016, the Court determined that Garrett's § 2255 Motion did not implicate *Foote* or *Johnson*, and the Federal Public Defender's Office informed the Court that it would not be filing a *Johnson* claim on Garrett's behalf.

On November 22, 2016, the Court directed the Government to supplement its earlier response in order to adequately address certain of Garrett's claims—specifically his assertions that his trial and appellate counsel performed below the objective standard required by the Sixth Amendment. ECF No. 173. Subsequently, the Government informed the Court that Garrett's former trial counsel were willing to provide affidavits related to their representation of Garrett, but believed that, under applicable ethics rules, they could only do so if ordered by the Court or given consent by Garrett. ECF No. 179. On March 16, 2017, the Court directed Garrett to execute a statement authorizing or not authorizing his former counsel—James N. Papirmeister, Esquire (trial counsel), Robert C. Bonsib, Esquire (trial counsel), Brian K. McDaniel, Esquire (appellate counsel), and any other attorneys who advised him during the course of Criminal Case No. 09-026—to provide necessary, specific information related to his claims of ineffective assistance of counsel. ECF No. 180. On April 3, 2017, the Court received Garrett's executed statement, which authorized Papirmeister and McDaniel to submit appropriate statements. ECF No. 181, Exhibit 1. On April 6, 2017, the Court issued a Memorandum Order, providing a copy of Garrett's statement to the Government, and indicating that because Garrett had not authorized attorney Bonsib, to submit a statement or identified any other attorneys who advised him during the course of his criminal case, "the Court will only consider Mr. Garrett's claims for ineffective assistance of counsel relative to the assistance he received from Mr. Papirmeister and Mr. McDaniel." ECF No. 181. The Memorandum Order also directed the Government to file its supplemental response. *Id.* On May 8, 2017, the Government did so, and on June 8, 2017, Garrett filed a reply.

## II.

In his Motion to Vacate and subsequent Supplement, Garrett makes seven arguments. He alleges that (1) the trial court committed procedural error by enhancing his sentence based upon its finding that he conspired to deal 20-25 kilograms of cocaine; (2) the trial court committed procedural error by enhancing his sentence for obstruction of justice; (3) trial counsel's performance fell below the objective standard required by the Sixth Amendment and this caused prejudice; (4) Count Four violated his Second Amendment rights; (5) the Government used false testimony to secure a felony conviction; (6) Garrett was convicted on insufficient evidence; and (7) appellate counsel performed below the objective standard required by the Sixth Amendment and this caused prejudice.

Because the Court already permitted Garrett to supplement his Motion to Vacate once, his Motion for Leave to Supplement Motion to Vacate, ECF No. 145, is **DENIED**.

### A.

Before the merits of a post-conviction collateral attack can be reached, a petitioner must overcome certain procedural hurdles. *See, e.g.,* 28 U.S.C. § 2255(f); 28 U.S.C. § 2255(h); *Felker v. Turpin*, 518 U.S. 651 (1996). One of these hurdles is the procedural default rule, which bars a petitioner from raising an issue in a collateral attack if it was not first raised on direct appeal. *See Davis v. United States*, 411 U.S. 233, 242 (1973) (holding that "a claim once waived . . . may not later be resurrected"). Where a claim is procedurally defaulted, habeas corpus relief is appropriate only where a petitioner demonstrates either cause and actual prejudice or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *see also United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external

to the defense impeded [his] counsel's efforts to comply with the . . . procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Mikalajunas*, 186 F.3d at 493.

Collateral attack is not a substitute for appeal, and the failure to raise certain issues on direct appeal may render them procedurally defaulted on habeas review. *See United States v. Frady*, 456 U.S. 152, 165 (1982); *United States v. Stevens*, 67 F.3d 298 (4th Cir. 1995) (stating that defendant's claims were "waived due to his failure to raise these claims on direct appeal and his inability to show cause for this failure"). When a § 2255 petitioner does not raise a claim on direct appeal, he is barred from being heard on the merits (other than in the form of an ineffectiveness claim) "unless he can show (1) 'cause' excusing his failure to raise the issue at trial or on direct appeal and (2) 'actual prejudice resulting from the errors of which he complains.'" *Gladhill v. United States*, No. CIV.A. CCB-11-48, 2011 WL 3156981, at *2 (D. Md. July 25, 2011) (citing *Frady* at 167). Constitutional claims that could have been raised on direct appeal but were not, may be raised if "cause" and "actual prejudice" are shown, *Frady*, 456 at 167-68, or "actual innocence" is shown. *Bousely v. United States*, 523 U.S. 614, 621 (1988). Additionally, a defendant may not "recast under the guise of collateral attack, questions fully considered" on direct appeal. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976).

On direct appeal to the Fourth Circuit, Garrett raised the following issues: "1) The evidence with respect to [Garrett's] conspiracy to distribute cocaine conviction was insufficient, as the [G]overnment only established a buyer-seller relationship between [Garrett] and the [G]overnment's witness; 2) The trial court erred in allowing the [G]overnment to adduce irrelevant and highly prejudicial evidence [regarding a Government witness' criminal history]; 3) The trial court erred in allowing the [G]overnment to improperly impeach [Garrett] with a prior

arrest that did not result in a conviction; 4) The evidence with respect to [Garrett's] possession of cocaine with intent to distribute was insufficient, as the amount was so small as to be only consistent with personal use."

Clearly, several of the arguments Garrett raises in the pending Motion to Vacate are procedurally defaulted, either because they were not raised on direct appeal or because they were raised and were fully considered on direct appeal.

Thus:

Garrett's second claim, challenging the trial court's enhancement of his sentence for obstruction of justice is procedurally defaulted. Garrett did not raise this argument on direct appeal. It is not constitutional, does not relate to ineffective assistance of counsel, and was available on direct appeal.[4]

Garrett's fourth claim, related to his Second Amendment right, is procedurally defaulted. Garrett did not raise this argument on direct appeal and has not shown the required "cause" and "actual prejudice" or "actual innocence."[5]

Garrett's fifth claim – that the Government used false testimony – is procedurally defaulted. Garrett did not raise this argument on direct appeal. It is not constitutional, does not relate to ineffective assistance of counsel, and was available on direct appeal.[6]

---

[4] Even if not procedurally defaulted, the trial court satisfied the requirements set out in *United States v. Dunnigan*, 507 U.S. 87, 95 (1993) by citing adequate facts to conclude that Garrett had obstructed justice. Specifically, the court's statements regarding the fraudulent contract and excuses provided by Garrett related to key elements of the case. *See* August 31, 2011 Sentencing Hearing Transcript, ECF No. 120, pp. 39–40. Although "it is preferable for a district court to address each element of the alleged perjury in a separate and clear finding," it is not required. *Dunnigan*, 507 U.S. at 95. While the court did not make an individual finding regarding their materiality, it is clear from the court's assessment that they were deemed material.

[5] Even if not procedurally defaulted, Garrett's Second Amendment argument fails. Garrett, through his drug trafficking activities, falls under one of the "longstanding prohibitions on the possession of firearms by felons." *C.f. United States v. Ross-Varner*, 2015 WL 1612045, at *13 (E.D.N.C. Apr. 9, 2015). Furthermore, the Supreme Court in *Heller* made clear that its holding concerned the *lawful* possession and use of a firearm. Garrett cannot contend that the Second Amendment guarantees a right to use a firearm in furtherance of drug trafficking.

Similarly, Garrett's claim that the court erred in failing to prevent prosecutorial misconduct and manipulation by the Government is procedurally defaulted. Garrett did not raise this argument on direct appeal. It is not constitutional, does not relate to ineffective assistance of counsel (as Garrett does not allege that his lawyer should have accused the Government or court of misconduct), and was available on direct appeal.[7]

Garrett's sixth claim, i.e., that he was convicted on insufficient evidence, was fully litigated on direct appeal and cannot be re-visited by way of collateral attack. The Fourth Circuit specifically held, "Contrary to Garrett's contentions, this evidence showed more than just a buyer-seller relationship, and we conclude that the evidence was more than sufficient to support Garrett's conspiracy conviction."

**B.**

Turning to the remaining claims:

In his first claim, Garrett argues that, in light of *Alleyne v. United States*, 133 S. Ct. 2151 (2013), the trial court committed procedural error by enhancing his sentence based upon a court-finding that he conspired to deal 20-25 kilograms of cocaine. This assertion is not procedurally barred because Garrett invokes Supreme Court precedent issued after his direct appeal. Garrett's argument, however, is unavailing.

While the Supreme Court has not yet indicated whether *Alleyne* applies retroactively to cases on collateral review, the Fourth Circuit has noted that *Alleyne* did not declare a new rule of law that would be retroactively available to cases on collateral review. *United States v.*

---

[6] Even if not procedurally defaulted, Garrett has failed to show that the Government used false testimony. In any event, Garrett's lawyer vigorously cross-examined the witness that provided the testimony, and in fact argued to the jury that the witness was lying.

[7] Even if not procedurally defaulted, this argument would fail on the merits as Garrett has not established that the conduct of the United States was improper or that it prejudicially affected his substantial rights so as to deprive him a fair trial. *See United States v. Mitchell*, 1 F.3d 235, 240 (4th Cir. 1993). Furthermore, Garrett has not indicated what improper steps the court took with regard to the Government's actions.

*Stewart,* 540 F. App'x 171 (4th Cir.2013) (unpublished); *see also Barren v. United States*, No. CIV. PJM 13-1824, 2014 WL 4299092, at *7 (D. Md. Aug. 29, 2014), *aff'd,* 591 F. App'x 234 (4th Cir. 2015), and *appeal dismissed*, 591 F. App'x 238 (4th Cir. 2015); *Baldwin v. United States,* Civ. No. JFM–13–2006, 2013 WL 6183020 at *2 (D.Md. Nov. 25, 2013); *Jones v. United States*, No. CIV.A. RDB-13-3273, 2015 WL 5673083 at *4 (D. Md. Sept. 23, 2015). The Fourth Circuit holding, while not binding, is sufficiently persuasive to cause this Court to find that *Alleyne* did not declare a new rule of law.

Even if *Alleyne* were deemed retroactive to cases on collateral review, it would still be inapplicable in the present case. The Supreme Court was clear in *Alleyne* that its holding did not disturb judicial fact finding at sentencing with respect to facts that had no impact on the statutory punishment. *Alleyne,* 133 S.Ct. at 2163. The jury found Garrett guilty of Count 1 for conspiracy to distribute over five kilograms of Cocaine, a quantity which carried a statutory minimum of 10 years of imprisonment and a statutory maximum of life imprisonment. At sentencing, based on the evidence presented at trial, the court found the quantity of cocaine associated with Garrett to be 20-25 kilograms. The statutory minimum and maximum terms were the same whether the 5 kg found by the jury or the 20-25 kg found by the court was used. In short, there was no impact on the maximum statutory punishment and the rulings in *Alleyne* would have no effect. *See Barren*, 2014 WL at *7.

## C.

Garrett's ineffective assistance of counsel claims—as to both trial and appellate counsel—are not procedurally barred because ineffective assistance of counsel claims may be raised for the first time on collateral review. *See Massaro v. United States*, 538 U.S. 500, 504

(2003).[8] But to succeed on his claim of ineffective assistance of counsel, Garrett must show that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

i. Trial Counsel

Garrett cites three ways in which his trial counsel's performance allegedly failed to meet the standards required by the Sixth Amendment: (1) he failed to apprise Garrett of the correct maximum time he could receive if found guilty; (2) he failed to advise Garrett of the possibility that he could face a two point obstruction of justice enhancement when taking the stand; and (3) he failed to request a jury instruction for a lesser included offense.

Garrett argues that trial counsel incorrectly informed him that he faced a <u>maximum</u> sentence of 15 years of imprisonment if convicted at trial. This argument has been adequately refuted. While Garrett has presented no evidence supporting his contention, the Government has produced an affidavit from trial counsel, which states "I told [Garrett] that if we go to trial, and we lose on all the counts, he is going to get a mandatory <u>minimum</u> of 15 years." ECF No. 182, Exhibit A, ¶ 19. Accordingly, Garrett's argument fails the first prong of the *Strickland* analysis. However, even if counsel failed to inform Garrett of the statutory maximum of life imprisonment, Garrett cannot demonstrate that he suffered prejudice because he was clearly informed of the correct statutory maximum sentence at both his initial appearance—at which the magistrate judge specifically advised him to "listen carefully" to the charges and maximum penalties and asked Garrett to affirm his understanding of the nature of the allegations against him, which he did—and at the detention hearing—at which the Government made clear that the

---

[8] As the Court noted in its April 6, 2017 Memorandum Order, because Garrett did not authorize Robert C. Bonsib, Esquire, to submit a statement or identify any other attorneys who advised him during the course of his criminal case, "the Court will only consider Mr. Garrett's claims for ineffective assistance of counsel relative to the assistance he received from Mr. Papirmeister and Mr. McDaniel." ECF No. 181.

drug conspiracy charge carried a maximum sentence of life imprisonment. *See* ECF Nos. 5, 12. *Cf. United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995) ("[I]f the trial court properly informed [defendant] of the potential sentence he faced, he could not be prejudiced by any misinformation his counsel allegedly provided him.").[9]

Garrett also asserts that he received ineffective assistance at trial because counsel failed to inform him that he could receive an enhancement for obstruction in the event that he testified. This argument also fails. In his affidavit, trial counsel submits that he told Garrett that "if we go to trial, and we lose . . . he is not only going to lose all of the points for early acceptance of responsibility, but he is going to gain points for obstruction of justice. . . . I said in general, in my experience and knowledge from talking to other attorneys, in federal court, when you go to trial and you lose, especially after you testify, you often get two to three times the sentence that you would have gotten in a plea agreement." ECF No. 182, Exhibit A, ¶ 19. The Court finds counsel's statements credible, s*ee United States v. Binh Duy Pham*, 182 F. App'x 221, 223 (4th Cir. 2006), and concludes that he adequately informed Garrett of the risk of going to trial and testifying under oath.[10]

Garrett contends that counsel also failed to request a jury instruction for a lesser included offense. He argues that a defendant is entitled to an instruction of a lesser included offense where the evidence would permit a jury to rationally find him guilty of the lesser offense and acquit him of the greater offense. Garrett claims here that, while he was convicted of a count of possession with intent distribute 500 grams or more of cocaine, the evidence against him only included 3.4 grams of cocaine.

---

[9] In light of these facts, there is no need to hold an evidentiary hearing on the matter because "the files and records of the case conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b).

[10] Once again, based on the facts before the Court, it finds no need to hold an evidentiary hearing on the matter. *See* 28 U.S.C. § 2255(b).

This argument misunderstands the crimes of which Garrett was charged, and the evidence presented against him at trial. Although law enforcement did recover 3.4 grams of cocaine in a jacket in Garrett's closet, that evidence was not the sole evidence proving the Government's charge in Count II (possession with intent to distribute 500 grams or more of cocaine). The Government presented witness testimony to support this charge; specifically, a key witness testified that Garrett consistently purchased one to two kilograms of cocaine and that he attempted to purchase another kilogram of cocaine on March 18, 2009. ECF No. 199 at 57-62, 67, 124-26. The 3.4 grams of cocaine was used as evidence to support Count III (possession with intent to distribute a mixture of substance containing a detectable amount of cocaine). At trial, a DEA Special Agent specifically testified that the 3.4 gram baggie of cocaine, corroborated by other evidence showing Garrett's involvement with the drug trade, reasonably constituted an amount held for distribution as opposed to personal use. ECF No. 173 at 42. Accordingly, trial counsel did not err in failing to seek a lesser-included instruction and Garrett was not prejudiced by this decision.

    ii.    <u>Appellate Counsel</u>

Garrett states that his appellate counsel— Brian K. McDaniel, Esquire—failed to: (1) properly prepare and competently present an appellate brief; (2) prepare a brief in compliance with Federal Rule of Appellate Procedure 30(b)(1); (3) interview Garrett's trial lawyer for salient cognizable issues as to what he presumed may have gone awry at trial; (4) communicate with Garrett regarding the case; (5) provide a suitable legal argument in his reply to Garrett's ethical complaint filed with the office of Bar Counsel as to his admitted "inexperience" to perfect an appeal; and (6) correct a multiplicity of errors.

*Strickland* also applies to claims that appellate counsel was ineffective. *See Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000). Only one of Garrett's claims—that appellate counsel failed to prepare or competently present an appellate brief—satisfies the second prong of *Strickland*. In other words, even if Garrett's five other claims about Mr. McDaniel's performance are accepted as true, Garrett does not indicate how these failures were prejudicial to him.[11]

As for the sole remaining claim, if in fact appellate counsel failed to prepare or competently present an appellate brief, he may have been prejudiced. However, "[i]n applying [the *Strickland*] test to claims of ineffective assistance of counsel on appeal, . . . reviewing courts must accord appellate counsel the 'presumption that he decided which issues were most likely to afford relief on appeal.'" *Id.* ("Counsel is not obligated to assert all nonfrivolous issues on appeal."). "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Smith v. Robbins*, 528 U.S. 259, 288 (2000).

Here, Garrett has not overcome the presumption that appellate counsel appropriately decided which issues to pursue. Garrett asserts his claim in a breezy fashion, failing to identify any specific issue that counsel should have raised on appeal, let alone has he identified a nonfrivolous issue that was "clearly stronger" than the four issues appellate counsel actually raised. Garrett alleges no specific facts that might demonstrate a deficiency in his counsel's performance. *C.f. Williams v. Keith*, 2015 WL 1355835, at *12 (W.D. La. Mar. 23, 2015). "Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing." *Golden*, 37 F. App'x 659, 659 (4th Cir. 2002). Because appellate counsel assistance is

---

[11] Additionally, the Government has produced an affidavit from appellate counsel, in which he affirms that he had "a teleconference with [Garrett's] trial counsel in advance of the filing of the brief" and "met with Mr. Garrett on at least four occasions at the Charles County detention center in La Plata Md." ECF No. 182, Exhibit B, ¶¶ 7-8.

presumed to be effective, Garrett's lack of evidence supporting a claim of ineffectiveness lacks substance. But here, too, the Government has produced an affidavit from appellate counsel, in which he states that he "fully reviewed the transcript and case file," "identified the issues which [he] believed to be viable and provided relevant case law support for the same." ECF No. 182, Exhibit B, ¶ 6.

Garrett has not shown that his trial and appellate counsels' performances fell below the objective standard required by the Sixth Amendment. Nor has he shown that he was prejudiced. His claims of ineffective assistance of counsel are rejected.

### III.

For the reasons stated above, Garrett's Motion for Extension of Time to File Motion to Vacate, ECF No. 135, is **MOOT**. His Motion for Leave to Supplement Motion to Vacate, ECF No. 145, is **DENIED**, and his Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255, ECF No. 136 is **DENIED**.

A separate Order will **ISSUE.**

The Clerk will be directed to **CLOSE** the case.

### IV.

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 474 (2000); *Miller-El v. Cockrell*, 537 U.S. 322, 322. A prisoner satisfies this standard by "'demonstrat[ing] that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong,'" and that any dispositive procedural ruling by

the district court is likewise debatable. *Miller-El*, 537 U.S. at 338 (quoting *Slack*, 529 U.S. at 484). The Court has considered the record and finds that Garrett has not made the requisite showing here.

                                                                /s/

                                         **PETER J. MESSITTE**
                            **UNITED STATES DISTRICT JUDGE**

**June 16, 2017**